[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Lawrence W. Feldhaus and appellee Terry S. Feldhaus were married and had one child. They divorced in 1998 and entered a shared-parenting plan in which their child resided primarily with Mrs. Feldhaus. At the time, Mr. Feldhaus was ordered to pay $900 a month in child support, based on his earnings of $76,079.
In May of 2000, Mrs. Fledhaus moved to modify the support payment. After a hearing, the magistrate granted her motion, with findings of fact and conclusions of law. Mr. Feldhaus filed four objections. The trial court overruled two of his objections and granted the remainder. After concluding that the magistrate had erred in his calculations, the trial court recalculated the amount of Mr. Feldhaus's child-support obligation and ordered him to pay $1,833.19 per month plus the poundage-processing fee.
On appeal, Mr. Feldhaus challenges the trial court's calculation of child support. He raises two assignments of error. In his first assignment, he challenges the method used to calculate the amount of the bonus that was included in his income. In Feldhaus's second assignment, he contends that the trial court failed to consider the parties' needs and standard of living.
At the time Mr. Feldhaus's child-support obligation was modified, R.C.3113.215(B)(5)(d) was in effect. The statute required the court to consider the lesser of (1) the yearly average of the bonuses received in the three years prior to its computation or (2) the total bonus received during the year immediately prior to the time of the computation. (The statute has since been repealed, effective March 22, 20001, but the language concerning the determination of bonus amounts, now found at R.C. 3119.05[D], is substantially similar.) The worksheet in effect at the time (as well as the current version) provided the following:
 Include * * * the average of the three years or the year 1 amount, whichever is less, if there exists a reasonable expectation that the total earnings from * * * bonuses during the current calendar year will meet or exceed the amount that is the lower of the average of the three years or the year 1 amount. If, however, there exists a reasonable expectation that the total earnings from * * * bonuses during the current calendar year will be less than the lower of the average of the three years or the year 1 amount, include only the amount reasonably expected to be earned this year.
 From 1997 to 1999, Mr. Feldhaus's bonuses were $42,000, $215,000, and $114,000, respectively. The trial court adopted the magistrate's decision to use the bonus figure of $114, 000, the prior year's bonus amount, because it was less than the average of the bonuses of the prior three years. Mr. Feldhaus argues that, because at the time of the modification hearing in June of 2000 he had earned only $19,756, there was sufficient evidence to demonstrate a reasonable expectation that the total earnings from bonuses during the 2000 calendar year would be less than $114,000.
Mr. Feldhaus testified that his bonus was based on profits and that profits changed every year. He claimed that his bonus for the first half of 2000 was primarily because of a decrease in sales and higher interest rates. He also testified that, similar to his bonus in 1999, his 2000 bonus was to be based on 15% of his company's profits. He explained that he received his bonus monthly and that it was calculated on 15% of the profits earned that month. According to Mr. Feldhaus, the owner of his company changed the profit percentage each year. For example, in 1998, the monthly profit percentage was calculated at 17%. He conceded, however, that historically his bonus amount had increased tremendously since the divorce, and that he could not know how profitable the company would be for the remainder of the year 2000. We agree with the trial court that the evidence was insufficient to demonstrate a reasonable expectation that Mr. Feldhaus's earnings during the year 2000 would be less than $114,000. Thus, we overrule the first assignment.
In his second assignment, Mr. Feldhaus alleges that the trial court erred by failing to consider the parties' needs and standard of living. Having reviewed the record, including the trial court's statement that it had considered the "division of time, the expenses of the parents and the disparity of the relative household income," we cannot conclude that the trial court failed to consider the needs and the standards of living for Mr. and Mrs. Feldhaus and their child. We overrule Mr. Feldhaus's second assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.